UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
THOMAS GESAULDI, LOUIS BISIGNANO,
ANTHONY PIROZZI, DOMINICK MARROCCO,
FRANK FINKEL, JOSEPH FERRARA, MARC
HERBST, THOMAS PIALI, and DENISE
RICHARDSON, as Trustees and Fiduciaries of the
Local 282 Welfare, Pension, Annuity, Job Training, and
Vacation and Sick Leave Trust Funds,

                          Plaintiffs,

     -against-

T & M SPECIALTIES, LTD.,

                          Defendant.
---------------------------------------------------------------- x

MEMORANDUM AND ORDER

09-CV-00049 (ENV) (VVP)

VITALIANO, D.J.

     Plaintiffs, Trustees and Fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds, bring this action pursuant to Section 502 of the Employer Retirement Income Security Act of 1974 ("ERISA") to recover delinquent contributions allegedly owed by defendant T&M Specialties, Ltd. to various welfare benefit funds. On November 17, 2009, Magistrate Judge Victor V. Pohorelsky prepared a Report and Recommendation ("R&R") that the Court strike defendant's answer and enter default against it for its failures to: (1) comply with prior court orders to submit to an audit which it had previously agreed to permit plaintiffs to conduct; and (2) appear, by authorized person, at a hearing to resolve its counsel's motion to withdraw from representation. The docket indicates that on November 18, 2009, a copy of the R&R was sent via Federal Express to defendant at its corporate address.[1] (Docket #17.) No objections have been filed.

     In reviewing a report and recommendation, a district court "may accept, reject, or

---
1 The R&R was inadvertently not docketed until December 15, 2009, almost a month after actual notice was sent.

1

modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Moreover, in order to accept a magistrate judge's report and recommendation where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

After careful review of the record, the Court finds Judge Pohorelsky's R&R as to the appropriate disposition of this matter to be correct, comprehensive, well-reasoned, and free of any clear error. While entry of default is an extreme sanction, it is appropriate under these circumstances, where defendant has repeatedly failed to heed Judge Pohorelsky's admonitions that its failure to comply with court orders or appear at hearings could serve as grounds for a default. Moreover, following Judge Pohorelsky's grant of counsel's motion to withdraw, no new counsel has appeared for defendant despite the fact that, as a corporation, it may not proceed *pro se*. See Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997). In such light, Judge Pohorelsky's conclusion that "defendant has no intention of complying with further court orders or of defending this action" is clearly correct.

The Court, therefore, adopts Judge Pohorelsky's R&R in its entirety as the opinion of the Court. For all the foregoing reasons, defendant's answer is stricken and a default judgment is entered against it. An inquest to determine relief will be held before Judge Pohoreslky, at a time to be set by him. Plaintiff is directed to serve a copy of this Memorandum and Order on defendant and to file an affidavit of its service.

SO ORDERED.

DATED: Brooklyn, New York
January 15, 2010

ERIC N. VITALIANO
United States District Judge

2